FARRADAY IMPROVEMENT COMPANY, PLAINTIFF IN
    ERROR, v. PENNSYLVANIA AND NEWARK RAILROAD
    COMPANY, DEFENDANT IN ERROR.

Argued March 9, 1909—Decided June 14, 1909.

Where, on *certiorari* to review proceedings appointing commissioners
    to assess damages for lands proposed to be condemned for railroad
    purposes, the only substantial objection is that the line of the
    road cannot be located from the map and description of the route
    as filed, and the Supreme Court having found as a fact that such
    map and description were sufficient, such finding is not subject
    to review on error.

On error to the Supreme Court.

For the plaintiff in error, *Bleakly & Stockwell*.

For the defendant in error, *Alan H. Strong*.

PER CURIAM.

The purpose of this writ is the review of a judgment of the
Supreme Court affirming an order appointing commissioners
to assess the damages of the plaintiff in error for lands pro-
posed to be taken for railroad purposes under condemnation
proceedings. Two objections are made—*first,* that the centre
line of the route of the proposed railroad cannot be located
from the description and map of such route as filed in the
office of the secretary of state; *second,* that prosecutor's land,
proposed to be taken, is not described in the proceedings with
sufficient accuracy to permit the ascertaining of its boun-
daries.

As to the first point, the only real difficulty, if any, relates
to the sixth course in the proposed centre line; if that can be
located the projection of the line to and over prosecutor's land
can be made without difficulty. The Supreme Court found as
a fact that such course could be located, and there was evi-

dence to support such finding. The civil engineers produced by the prosecutor testified that it could not be done, while the engineers of the defendant testified that there was no difficulty in making the location, none of the engineers having gone to the locality for the purpose of demonstrating the truth of their respective opinions by attempting a practical location. Under such conditions facts found by the Supreme Court will not be reviewed on error.

As to the location of the land of plaintiff, which is proposed to be taken, the Supreme Court found the facts in favor of the defendant's claim that the boundaries could readily be located from the description, and the evidence shows that the conclusion reached by that court has abundant support.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   11.

*For reversal*—None.